# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 5:24-cv-00647-HDV-SP | Date | January 13, 2025 |
|---|---|---|---|
| Title | BRANDON J. FRANKLIN v. SALINAS VALLEY STATE PRISON | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Carter | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| n/a | n/a |

**Proceedings:** **(In Chambers) Order to Show Cause Why Petition Should Not Be Dismissed for Lack of Jurisdiction Due to Failure to State Cognizable Claim and Failure to Challenge Custody**

On March 26, 2024, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254. Petitioner is not challenging his conviction, but instead seeks legal assistance to check on his family. Petitioner believes his family is in danger because prison staff and inmates do not like him. Petitioner acknowledges he has not previously raised his claims in the state courts.

This court having reviewed the Petition, it appears the Petition is subject to dismissal for lack of jurisdiction because the grounds asserted do not appear to raise cognizable claims for federal habeas relief. In addition, petitioner is not seeking release from custody. The court will not make a final determination regarding whether the federal Petition should be dismissed, however, without giving petitioner an opportunity to address these issues.

Accordingly, the court hereby issues this **Order to Show Cause why the Petition should not be dismissed**, and specifically orders petitioner to respond to the Order to Show Cause in writing by no later than **February 12, 2025**. The court further directs petitioner to review the information that follows, which provides additional explanation as to why the federal Petition appears to be subject to dismissal and may assist petitioner in determining how to respond.

### No Cognizable Federal Claim

A state prisoner is entitled to federal habeas corpus relief only if he is held in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:24-cv-00647-HDV-SP | Date | January 13, 2025 |
|---|---|---|---|
| Title | BRANDON J. FRANKLIN v. SALINAS VALLEY STATE PRISON | | |

custody in violation of the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). "Federal habeas relief does not lie for errors of state law." *Id.* at 67 (internal quotation marks and citations omitted).

Here, petitioner is not claiming he is being wrongly held in custody due to a violation of federal law. In fact, he is neither challenging his custodial status nor claiming a violation of any law. Instead, he is simply requesting help with respect to his family. This is not cognizable on federal habeas review.

## No Challenge to Custody

As set forth above, a state prisoner may bring a federal habeas petition "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[T]he essence of habeas corpus is an attack by a person in state custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973); *Burnett v. Lampert*, 432 F. 3d 996, 999 (9th Cir. 2005). Put simply, this court also lacks jurisdiction because petitioner is not claiming that he is in custody in violation of the Constitution or other federal law. *See Baily v. Hill*, 599 F.3d 976, 979-82 (9th Cir. 2010) (§ 2254's jurisdictional requirement includes that the habeas challenge be to the lawfulness of petitioner's custody); *see also Maleng v. Cook*, 490 U.S. 488, 490, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989) ("in custody" requirement is jurisdictional).

Here, although petitioner is in custody, he is not challenging the legality of his custody. Instead, he is simply requesting legal assistance to check on his family. This federal court lacks jurisdiction over such a request.

## Petitioner's Options

If petitioner contends that he is in fact raising cognizable habeas challenges, he must clearly explain this in a written response to this Order to Show Cause. Petitioner must file with the court a written response to the Order to Show Cause on or before **February 12, 2025.** In his response to the Order to Show Cause, petitioner may set forth

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:24-cv-00647-HDV-SP | Date | January 13, 2025 |
|---|---|---|---|
| Title | BRANDON J. FRANKLIN v. SALINAS VALLEY STATE PRISON | | |

any reasons he wishes to argue against the dismissal of the action.

Alternatively, petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a).  **A Notice of Dismissal form is attached for petitioner's convenience.**  The court advises petitioner, however, that if petitioner should later attempt to again raise any dismissed claims in subsequent habeas petition, those claims may be time-barred under the statute of limitations in 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."). Such dismissal request must also be filed on or before **February 12, 2025**.

**The court warns petitioner that failure to timely file and serve a response as directed in this Order will result in a recommendation that this action be dismissed for lack of jurisdiction, for failure to prosecute, and/or for failure to obey court orders.**